## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | |
|---|---|
| MEREDITH DOWNES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 19-1411 |
| ) | |
| THE BOARD OF TRUSTEES OF ILLINOIS ) | |
| STATE UNIVERSITY, ) | |
| ) | |
| Defendant. ) | |

## **ORDER AND OPINION**

Pending before the Court is Defendant's Motion to Seal [46]. As explained below, Defendant's Motion to Seal is denied.

Defendant seeks to seal certain exhibits, explaining that there is information about salaries and raises of Plaintiff and other individual at Illinois State University contained in those exhibits. Despite the parties agreeing that the documents should be confidential, they have not explained why, in the context of filing a dispositive motion, the documents should remain hidden from public view. As explained below, the parties have not met their burden to demonstrate that these documents should be sealed.

There is a strong presumption toward public disclosure of court files and documents. *See Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 603 (1982) (discussing right of access to criminal trials under the First Amendment); *In re Specht,* 622 F.3d 697, 701 (7th Cir. 2010) ("Documents that affect the disposition of federal litigation are presumptively open to public view, even if the litigants strongly prefer secrecy"). Indeed, the "public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding." *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999) (*internal citations*

*omitted)*. Courts are the primary representative of the public and cannot simply "rubber stamp" agreements to seal parts of the record. *Citizens First*, rubber . Many litigants "would prefer that the subject of the case [ . . . ] be kept from the curious (including its business rivals and customers), but the tradition that litigation is open to the public is of very long standing." *Union Oil Co. of California v. Leavell*, 220 F.3d 562, 567 (7th Cir. 2000).

The Seventh Circuit has further clarified that while secrecy is fine at the discovery stage, documents that "influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality." *Baxter Int'l, Inc. v. Abbott Labs*, 297 F.3d 544, 545 (7th Cir. 2002) (*internal citations omitted*); *see also Goesel v. Boley Intern. (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013) (the presumption of access applies to material that form the basis of the dispute and the court's resolution "other material that may have crept into the record" are not subject to the presumption). In the Seventh Circuit, in civil litigation, generally only trade secrets, information covered by a recognized privilege, and information required by statute to be maintained in confidence is entitled to be kept secret. *Baxter Int'l, Inc.*, 297 F.3d at 545–46; *In re Specht*, 622 F.3d 697 at 701(strong presumption in favor of open access to court documents "unless a statute, rule, or privilege justifies confidentiality.")

Defendant argues that the exhibits contain salary information and were labelled as confidential pursuant to an agreed protective order. This, however, does not meet one of the narrow classes of material subject to seal. The parties' preference for privacy does not trump the public interest in the case. "People who want secrecy should opt for arbitration." *Union Oil Co.* 220 F.3d at 568. Defendant must present a more compelling reason to keep those documents sealed. Additionally, Defendant's suggestion that entire depositions remain sealed due to what appears to

be a minimal amount of information that Defendant seeks to shield from public view would not be allowable even if there were legitimate information subject to seal. Defendant's preference to avoid redaction is also not a reason to keep information that will influence the Court's decision from public view.

Finally, Defendant did not comply with Local Rule 5.1 that requires that the motion explain how the document meets the legal standard for filing sealed documents and the sealed document must be filed contemporaneously under seal.

Accordingly, it is ORDERED that the Defendant's Motion to Seal [46] is DENIED. Defendant must file the documents in the normal fashion as an unsealed document on or before September 9, 2022 if Defendant wishes for the Court to consider those documents.

ENTERED this 30th day of August 2022.

                                                        /s/ Michael M. Mihm
                                                        Michael M. Mihm
                                              United States District Judge